**UNITED STATES of America, Plaintiff–Appellee**

v.

**John COCKERHAM, Jr., Defendant–Appellant.**

**No. 09–51115**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 22, 2010.

Richard B. Evans, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

John Michael Economidy, Esq., San Antonio, TX, for Defendant–Appellant.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before JOLLY, GARZA and
STEWART, Circuit Judges.

PER CURIAM: *

John Cockerham, Jr., appeals his guilty
plea convictions of conspiring to defraud
the United States and to commit an offense
against the United States, bribery,
and conspiring to commit money laundering.
Cockerham claims that his right to a
public trial was violated because the courtroom
was closed during his guilty plea
hearing and because the district court did
not announce that the courtroom had been
closed until it had finished taking his plea.

The Government does not invoke the
appeal waiver provision of Cockerham's
plea agreement. Therefore, the waiver
provision does not bar Cockerham's appeal.
*See United States v. Story*, 439 F.3d
226, 231 (5th Cir.2006). The Government
contends, however, that Cockerham waived
his right to a public trial.

The Sixth Amendment guarantees a
public trial to all criminal defendants.
*United States v. Osborne*, 68 F.3d 94, 98
(5th Cir.1995). A defendant may waive his
Sixth Amendment right to a public trial by
failing to object to the closing of the courtroom.
*Peretz v. United States*, 501 U.S.
923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808
(1991); *United States v. Hitt*, 473 F.3d
146, 155 (5th Cir.2006) ("Where a defendant,
with knowledge of the closure of the
courtroom, fails to object, that defendant
waives his right to a public trial.").

As the transcript of the guilty plea hearing
makes clear, Cockerham's trial counsel
urged that the proceedings be kept secret
so as to increase his client's opportunities
to provide substantial assistance to the
Government and thereby obtain a reduction
in his sentence. We have no difficulty
inferring from the transcript that Cockerham's
trial counsel was aware of the closure
of the courtroom prior to and during
Cockerham's plea hearing. Additionally,
there is no indication in the record that
either Cockerham or his trial counsel objected
to the closure of the courtroom during
the plea hearing itself, at any subsequent
proceeding, or by way of a written
motion. Accordingly, we conclude that
Cockerham waived his right to a public
trial. *See Hitt*, 473 F.3d at 155 ("A defendant's
attorney's waiver of the right to a
public trial is effective on the defendant.").

After the parties submitted briefs, Cockerham
filed two pro se motions. In the
first such motion, he requested an order
mandating his appointed appellate counsel
to raise certain issues on direct appeal or,
in the alternative, an order dismissing his
current attorney and appointing new appellate
counsel. In the second motion
Cockerham moved for leave to file a pro se
reply brief, or, in the alternative, for the
appointment of new appellate counsel.

Cockerham cannot force his appellate
counsel to advance issues with which counsel
does not agree, and he does not have
the right to new appointed counsel who
necessarily agrees with him. *See Vega v.
Johnson*, 149 F.3d 354, 361 (5th Cir.1998).
He has no constitutional right to self-representation
on appeal, *see Martinez v.
Court of Appeal of California*, 528 U.S.
152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597
(2000), and he is not entitled to hybrid
representation on appeal. *See United
States v. Ogbonna*, 184 F.3d 447, 449 & n.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1 (5th Cir.1999). Once counsel's brief is filed, a motion to proceed pro se is untimely. *See United States v. Wagner*, 158 F.3d 901, 902–03 (5th Cir.1998). Further, "[b]y accepting the assistance of counsel the criminal appellant waives his right to present pro se briefs on direct appeal." *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996). In view of the foregoing authorities, Cockerham's pro se motions are denied.

AFFIRMED; MOTIONS DENIED.